## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Chapter 13 |
| Melvin Chappell, Jr. and Charlene D. Grace-Chappell, | : | |
| | : | Bankruptcy No.  19-11245-**MDC** |
| Debtors. | : | |

## ORDER GOVERNING PROCEDURES AT EVIDENTIARY HEARING CONDUCTED REMOTELY BY VIDEOCONFERENCE

**AND NOW WHEREAS**, it is necessary and appropriate to conduct an evidentiary hearing in the above case in connection with *Debtor's Objection to Proof of Claim No. 13 filed by The City of Philadelphia Water Revenue Bureau;*[1] *Debtor's Objection to Proof of Claim No. 12 filed by The City of Philadelphia Water Revenue Bureau;*[2] *and Motion for Relief of Automatic Stay of Nationstar Mortgage LLC d/b/a Mr. Cooper.*[3]

**AND**, the court having **SCHEDULED** a hearing (the "Hearing") on **August 28, 2020 at 10:30 a.m.**

**AND**, due to the limitations on public gatherings imposed by public health authorities in response to the COVID-19 pandemic, it being impractical to conduct the Hearing in the ordinary course in the courtroom.

**AND**, therefore, there being compelling circumstances justifying conducting the Hearing remotely by video conference pursuant to Fed. R. Bankr. P. 9017 (incorporating Fed. R. Civ. P.

---

[1] Bankr. Docket No. 63.

[2] Bankr. Docket No. 61.

[3] Bankr. Docket No. 43.

43(a)).

**It is therefore ORDERED** that the parties shall comply with the following procedures in

connection with the Hearing:

## Pretrial Disclosure Requirements

1.      **On or before August 25, 2020**, any party intending to call a witness to testify by

video conference (the "Remote Witness") shall file and serve[4] a Remote Witness List setting

forth the following:

    a.      the name and title of the Remote Witness;

    b.      a summary of subject matter of the anticipated testimony;

    c.      an e-mail address for the witness;[5]

    d.      the location of the Remote Witness (city, state, country);

    e.      the place from which the Remote Witness will testify (e.g. home, office – no addresses are required);

    f.      whether any other person(s) will be in the room with the Remote Witness during the testimony, and if so, who (name, title and the other person(s)' relationship to the Remote Witness), and the purpose of the other person(s)' presence;

    g.      whether the Remote Witness will have access to any documents other than exhibits included on the Exhibit List required by Paragraph 3 below and, if so, a description of those documents and the reason why they have not been included on the Exhibit List.

2.      **On or before August 25, 2020**, any party intending to offer into evidence in its

case in chief or otherwise use at the Hearing any exhibits shall:

    a.      pre-mark each exhibit;

---

[4] It is contemplated and preferred that all service required by this Order will be accomplished by e-mail. However, other means of service are acceptable so long as the document to be served is received within one (1) business day of service.

[5] The witness' e-mail address provides a means for opposing parties to communicate with the witness (when that is legally permissible) as well as a means for service of exhibits to be used in connection with the witness' examination by opposing counsel during the Hearing.

b.      serve each party who has appeared in the matter(s) being heard at the Hearing with a list of each exhibit ("the Exhibit List");

c.      serve each party with each pre-marked exhibit on the Exhibit List;[6]

d.      deliver the Exhibit List and the exhibits to the court by e-mailing them to the Courtroom Deputy at Eileen_Godfrey@paeb.uscourts.gov.

3.      A party that wishes to use an exhibit in connection with the examination or cross-examination of a witness shall serve the witness with each such exhibit (with notice to all other parties) at least 24 hours prior to the Hearing.

4.      If a party anticipates the possibility of offering into evidence or otherwise using exhibits at the Hearing in the party's case in rebuttal:

a.      On the same date as set forth in Paragraph 2, the party shall prepare a Rebuttal Exhibit List and shall e-mail the Rebuttal Exhibit List and all rebuttal exhibits to the Courtroom Deputy.

b.      The court will retain, without reviewing, the Rebuttal Exhibit List and the rebuttal exhibits unless and until the party seeks to use a rebuttal exhibit at the Hearing.

c.      If a party seeks to use a rebuttal exhibit, the rebuttal exhibit will then be e-mailed to all parties participating in the Hearing and the witness.  If appropriate, the court will take a short recess to allow the other parties to review the exhibit.[7]

5.      **FAILURE TO COMPLY STRICTLY WITH THE REQUIREMENTS OF PARAGRAPHS 1-4 MAY RESULT IN THE EXCLUSION OF EVIDENCE OFFERED DURING THE HEARING**.

<u>**Technological and Logistical Protocols**</u>

---

[6] If an exhibit is on the docket, counsel may reference the applicable CM/ECF docket number rather than serving the exhibit itself on opposing counsel.  However, an exhibit used in connection with the testimony of a witness must be supplied to the witness.

[7] The procedures in Paragraph 3 are included because there are situations in which a party may legitimately wish to hold back a rebuttal exhibit and use it only if necessary due to the developments during a hearing.  If no such concerns exist, nothing in this Order precludes a party from including rebuttal exhibits on the primary Exhibit List and labeling them as such.

6.      Any attorney or party or representative of a party wishing to attend the Hearing

and participate by video shall notify the Courtroom Deputy at least 72 hours prior to the Hearing

in order to obtain the access information to the Hearing.[8]

7.      **ALL AUDIO WILL BE THROUGH THE ZOOM WEBSITE.  IT IS**

**STRONGLY PREFERRED THAT ALL PARTICIPANTS EMPLOY THE COMPUTER**

**AUDIO OPTION, RATHER THAN THE TELEPHONIC OPTION AVAILABLE ON**

**THE ZOOM WEBSITE.**

8.      Each party calling a witness is responsible for providing the Zoom link to the

witness.

9.      To reduce the risk of transmission problems with the video or audio during the

Hearing, the parties should, when possible, limit themselves to one (1) participating attorney and

it is preferable that those persons who do not anticipate addressing the court limit themselves to

audio participation.  The court reserves the right to limit the attendance of non-litigants and their

counsel to receipt of audio.

10.      Since Zoom technology permits the participants to set a virtual background when

using the video function, all participants are instructed that any virtual background must be

dignified and respectful.  The background may not contain any messages or background that is

political or that may influence the witness or the proceeding or that is otherwise inappropriate.

**FAILURE TO COMPLY WITH THIS PARAGRAPH MAY RESULT IN THE**

**IMPOSITION OF SANCTIONS**.

11.      **CONSISTENT WITH JUDICIAL CONFERENCE POLICY, NO PERSON**

---

[8]  An attorney may make the request on behalf of a client or client representative.

**MAY RECORD THE VIDEO OR AUDIO OF THE HEARING.  FAILURE TO COMPLY**

**WITH THIS PARAGRAPH MAY RESULT IN THE IMPOSITION OF SANCTIONS.**


Dated:  August 17, 2020

MAGDELINE D. COLEMAN
CHIEF U.S. BANKRUPTCY JUDGE

Roger V. Ashodian, Esquire
Regional Bankruptcy Center of SE PA
101 West Chester Pike, Suite 1A
Havertown, PA 19083

Rebecca A. Solarz, Esquire
KML Law Group, P.C.
BNY Mellon Independence Center
701 Market Street, Suite 5000
Philadelphia, PA 19106-1532

William C. Miller, Esquire
Chapter 13 Trustee
P.O. Box 1229
Philadelphia, PA 19105

United States Trustee
Custom House
200 Chestnut Street, Suite 502
Philadelphia, PA 19106-2912

5