United States Bankruptcy Court

Eastern District of Pennsylvania

In re:  Case No. 19-11245-mdc

Melvin Chappell, Jr.  Chapter 13

Charlene D. Grace-Chappell

    Debtors

# CERTIFICATE OF NOTICE

District/off: 0313-2     User: admin     Page 1 of 2

Date Rcvd: Jun 10, 2021     Form ID: pdf900     Total Noticed: 6

The following symbols are used throughout this certificate:
**Symbol  Definition**

+     Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jun 12, 2021:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Melvin Chappell, Jr., 5011 Saul Street, Philadelphia, PA 19124-2635 |
| db | | Melvin Chappell, Jr., 5014R Leiper Street, Philadelphia, PA 19124 |
| jdb | | Charlene D. Grace-Chappell, 5014R Leiper Street, Philadelphia, PA 19124 |
| jdb | + | Charlene D. Grace-Chappell, 5011 Saul Street, Philadelphia, PA 19124-2635 |

TOTAL: 4

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|
| smg | Email/Text: megan.harper@phila.gov | Jun 11 2021 02:18:00 | City of Philadelphia, City of Philadelphia Law Dept., Tax Unit/Bankruptcy Dept, 1515 Arch Street 15th Floor, Philadelphia, PA 19102-1595 |
| smg | Email/Text: RVSVCBICNOTICE1@state.pa.us | Jun 11 2021 02:18:00 | Pennsylvania Department of Revenue, Bankruptcy Division, P.O. Box 280946, Harrisburg, PA 17128-0946 |

TOTAL: 2

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

# NOTICE CERTIFICATION

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309):** Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Jun 12, 2021         Signature:     /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on June 10, 2021 at the address(es) listed below:

**Name**      **Email Address**

District/off: 0313-2 | User: admin | Page 2 of 2
Date Rcvd: Jun 10, 2021 | Form ID: pdf900 | Total Noticed: 6

| | |
|---|---|
| JASON BRETT SCHWARTZ | on behalf of Creditor Capital One Auto Finance jschwartz@mesterschwartz.com |
| KEVIN G. MCDONALD | on behalf of Creditor Nationstar Mortgage LLC D/B/A Mr. Cooper bkgroup@kmllawgroup.com |
| KEVIN S. FRANKEL | on behalf of Creditor Nationstar Mortgage LLC d/b/a Mr. Cooper pa-bk@logs.com |
| KRISTEN D. LITTLE | on behalf of Creditor Nationstar Mortgage LLC d/b/a Mr. Cooper pabk@logs.com klittle@logs.com;logsecf@logs.com |
| MEGAN N. HARPER | on behalf of Creditor CITY OF PHILADELPHIA megan.harper@phila.gov karena.blaylock@phila.gov |
| PEARL PHAM | on behalf of Creditor Philadelphia Gas Works pearl.pham@pgworks.com |
| REBECCA ANN SOLARZ | on behalf of Creditor Nationstar Mortgage LLC D/B/A Mr. Cooper bkgroup@kmllawgroup.com |
| REBECCA ANN SOLARZ | on behalf of Creditor Nationstar Mortgage LLC d/b/a Mr. Cooper bkgroup@kmllawgroup.com |
| ROGER V. ASHODIAN | on behalf of Joint Debtor Charlene D. Grace-Chappell ecf@schollashodian.com |
| ROGER V. ASHODIAN | on behalf of Debtor Melvin Chappell Jr. ecf@schollashodian.com |
| United States Trustee | USTPRegion03.PH.ECF@usdoj.gov |
| WILLIAM C. MILLER, Esq. | ecfemails@ph13trustee.com philaecf@gmail.com |
| WILLIAM C. MILLER, Esq. | on behalf of Trustee WILLIAM C. MILLER Esq. ecfemails@ph13trustee.com, philaecf@gmail.com |
| WILLIAM EDWARD CRAIG | on behalf of Creditor American Credit Acceptance ecfmail@mortoncraig.com mortoncraigecf@gmail.com |

TOTAL: 14

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | : | Chapter 13 |
| Melvin Chappell, Jr. and<br>Charlene D. Grace-Chappell, | : | |
| Debtors. | : | Case No.   19-11245-MDC |

# O R D E R

**AND NOW**, on February 28, 2019, Melvin Chappell, Jr. and Charlene D. Grace-Chappell (the "Debtors") filed a voluntary petition under chapter 13 of the United States Bankruptcy Code, 11 U.S.C. §§101, *et seq*. (the "Bankruptcy Code").[1]

**AND**, on July 5, 2019, the City of Philadelphia Water Revenue Bureau (the "WRB") filed a Proof of Claim ("Claim No. 12") in the Debtors' bankruptcy case, asserting a secured claim in the amount of $11,383.00 based on a "municipal claim."

**AND**, on July 22, 2019, the WRB filed a Proof of Claim ("Claim No. 13," and together with Claim No. 12, the "Claims") in the Debtors' bankruptcy case, asserting a secured claim in the amount of $6,809.19 based on a "municipal claim."

**AND**, on October 24, 2019, the Debtors filed the *Debtor's* [sic] *Objection to Proof of Claim No. 12 Filed by the City of Philadelphia Water Revenue Bureau* (the "Claim No. 12 Objection"),[2] asserting that, although the basis of the claim was a no-interest loan provided to the Debtors under a WRB program titled the Homeowners Emergency Loan Program (the "HELP Loan") to cover the costs of water line repair work at their home, the stated claim amount of $11,383.00 is excessive and should be limited to the reasonable cost of the work performed

---

[1] Bankr. Docket No. 1.

[2] Bankr. Docket No. 61.

because (i) the WRB failed to provide adequate information that would permit the Debtors to evaluate whether or not the charges are reasonable for the work performed, and (ii) the work performed was not subject to competitive bidding.

**AND**, on October 24, 2019, the Debtors filed the *Debtor's* [sic] *Objection to Proof of Claim No. 13 Filed by the City of Philadelphia Water Revenue Bureau* (the "Claim No. 13 Objection," and together with the Claim No. 12 Objection, the "Claim Objections"),[3] asserting that (i) although Claim No. 13 is broken down under two accounts, one for the Debtors' home at 5011 Saul Street, Philadelphia, PA in the amount of $5,445.90 (the "5011 Saul Street Account"), and one for the property with an address of 5014R Leiper Street, Philadelphia, PA in the amount of $1,363.29 (the "5014R Leiper Street Account"), the property at 5014R Leiper Street is a portion of the Debtors' yard, the City of Philadelphia deed records reflect a single property, and there is no separate structure or water service, such that there should be a single water bill for both properties; and (ii) that the Debtors paid some amount toward their post-petition water bills with respect to the 5011 Saul Street Account in their prior chapter 13 bankruptcy case, such that the claimed pre-petition balance of $5,445.90 may be higher than the actual amount due and owing.

**AND**, on November 19, 2019, the WRB filed the *Answer to Objection of Debtors to Proof of Claim No. 12 Filed by the City of Philadelphia Water Revenue Bureau* (the "WRB Claim No. 12 Response"),[4] responding that Claim No. 12, the basis of which was the HELP Loan provided to the Debtors for repair work performed by a private plumbing contractor, (i) includes information that provides sufficient indicia of its *prima facie* validity and denying that the charges are excessive and should be reduced, and (ii) reflects repair work that was the subject of competitive

---

[3] Bankr. Docket No. 63.
[4] Bankr. Docket No. 74.

2

bidding.

**AND**, on November 19, 2019, the WRB filed the *Answer to Objection of Debtors to Proof of Claim No. 13 Filed by the City of Philadelphia Water Revenue Bureau* (the "WRB Claim No. 13 Response," and together with the WRB Claim No. 12 Response, the "Claim Objection Responses"),[5] (i) responding that Claim No. 13 seeks $1,363.29 for stormwater charges with respect to the 5014R Leiper Street Account, not water service or usage charges, and denying that the two properties should have a single water bill because they are two separate parcels, and (ii) denying that the Debtors previously paid some amount of the charges on the 5011 Saul Street Account sought by Claim No. 13.

**AND**, on October 26, 2020, and November 4, 2020, the Court held a hearing (the "Hearing") on the Claim Objections and the Claim Objection Responses, at which the Debtors called Debtor Melvin Chappell, Jr. ("Mr. Chappell") and Derrick Segers ("Mr. Segers," and together with the Debtor, the "Witnesses"), manager of the WRB's HELP program, as of cross, in support of their case-in-chief.

**AND**, at the close of the Debtors' case-in-chief at the Hearing, WRB moved for a directed verdict in favor of WRB without producing its own evidence in support of the Claims, asserting that the Debtors had not produced sufficient evidence to overcome the *prima facie* validity of the Claims.

**AND**, upon consideration of the Claim Objections, the Claim Objection Responses, and the Witnesses' testimony and the documentary evidence produced at the Hearing.[6]

---

[5] Bankr. Docket No. 74.

[6] At the conclusion of the Debtors' case-in-chief, the Debtors moved for the admission of various documents into evidence, including pages 9-16, 25-26, and 28-29 of Exhibit WRB 9 and the entirety

3

It is hereby **FOUND, DETERMINED, AND ORDERED** that:

1. The Debtors' Claim Objections are **OVERRULED**.

2. Section 502(a) of the Bankruptcy Code provides that a proof of claim filed under §501 is deemed allowed unless a party in interest objects. 11 U.S.C. §502(a). The respective evidentiary burdens in a contested matter involving an objection to a proof of claim are well-trodden grounds: "Initially, the claimant must allege facts sufficient to support the claim. If the averments in his filed claim meet this standard of sufficiency, it is '*prima facie*' valid. In other words, a claim that alleges facts sufficient to support a legal liability to the claimant satisfies the claimant's initial obligation to go forward. The burden of going forward then shifts to the objector to produce evidence equal in force to the *prima facie* case … If the objector produces sufficient evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence."

---

Exhibit WRB 10. November 4, 2021 Hearing Recording at 12:41 to 1:15 p.m. WRB objected to the admission of only certain pages of Exhibit WRB 9, rather than the entire exhibit, and objected to the admission of Exhibit WRB 10 at all. The Debtors asserted that the pages offered in Exhibit WRB 9 were admissible as statements against WRB's interest, admissible under Federal Rule of Evidence 804(a)(3). That rule applies where the declarant is unavailable. *See* F.R.E. 804. The Debtors did not make any argument or showing of the unavailability of the declarant or declarants related to the pages of Exhibit WRB 9 which the Debtors seek admitted into evidence. The Court therefore finds the rule inapplicable. However, WRB stated that it does not object to admission of "the file" consisting of Exhibit WRB 9 in its totality. Because admission of Exhibit WRB 9 as a whole includes the select pages the Debtors seek, and its admission is uncontested, the Court will admit WRB 9 in its totality.

With respect to the admission of Exhibit WRB 10, the Debtors argued that it is admissible under Federal Rules of Evidence 803(8)(A) (i) or (iii), 803(15), or 807(a). WRB argues that the document is inadmissible because it is irrelevant, given that the amount of the charges reflected in the document is not contested, and the only testimony regarding the document at the Hearing related to the penalty charges therein, to which WRB successfully objected at the Hearing on the grounds that it was irrelevant because it was not a stated basis of either Claim Objection. Federal Rule of Evidence 401 sets forth the test for relevant evidence: "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." F.R.E. 401. The Court finds that because the Debtors failed to satisfactorily establish the relevance of Exhibit WRB 10 to the Claim Objections, given the absence of objection to the charges set forth in the document, it does not relate to a fact of consequence as required by F.R.E. 401. The Court therefore finds Exhibit WRB 10 is irrelevant and inadmissible.

4

*See, e.g., In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992) (internal citations omitted).

3. With respect to the Claim No. 12 Objection, the Debtors failed to overcome the *prima facie* validity of the claim. Mr. Chappell's testimony and the documentary evidence the Debtors produced at the Hearing failed to prove that the amount of Claim No. 12 is overstated, is based on work that was not subject to competitive bidding or should otherwise be subject to reduction. To the contrary, Mr. Chappell's testimony established that he sought the HELP Loan to pay for the water line repairs needed at his home,[7] that he executed the HELP Loan agreement and initial work order form detailing the scope and cost of the initial repairs,[8] that he executed each change order for the repair work as its scope and cost increased,[9] and that, other than an alleged comment from an unnamed employee of the plumbing contractor doing the repair work that it would cost less if Mr. Chappell was paying cash, he had no basis for asserting that the repair work should have cost less than the amount WRB seeks by Claim No. 12.[10] Mr. Chappell also testified that he reviewed the HELP Loan agreement prior to executing it, and understood pursuant to paragraph 10 of that agreement that the scope and cost of repair work could increase from the initial estimate provided of $5,250.50, and that his HELP Loan would include any such increased

---

[7] October 26, 2020 Hearing Audio Recording at 2:34 to 2:35 p.m.

[8] October 26, 2020 Hearing Audio Recording at 2:36 p.m.; Exhibit WRB-9, pgs. 9, 13. Although Mr. Chappell testified that the date on the HELP Loan agreement did not appear to be his handwriting, he did state that the signature was his.

[9] October 26, 2020 Hearing Audio Recording at 2:57 to 3:02 p.m.; Exhibit WRB 9, pgs. 10 to 11. Although Mr. Chappell questioned whether the signature on the change order dated September 17, 2018, found at Exhibit WRB-9, pg. 11, was his, the Debtors produced no evidence other than Mr. Chappell's equivocal testimony that the signature may not be his. The Court is not persuaded, based on that uncertain testimony alone, that the signature on the work order is not Mr. Chappell's.

[10] October 26, 2020 Hearing Audio Recording at 2:44 to 2:45 p.m.

5

amounts.[11] Furthermore, Mr. Segers' testimony established that once the WRD issued notices of plumbing defect, WRD field personnel would have advised the Debtors that they had the option of contracting with their own plumber to have the repair work done, or alternatively, could seek assistance through the WRB's HELP Loan program.[12] Mr. Segers' testimony reiterated that Mr. Chappell was given and executed the work order form listing the initial cost of the repair work, as well as the subsequent change orders detailing the cost of additional work required.[13] Those cumulative costs form the basis of Claim No. 12. Finally, Mr. Segers' testimony established that the work to be completed by plumbing contractors through the HELP Loan program is subject to competitive bidding by plumbing contractors that meet the applicable requirements of WRB and the City of Philadelphia's procurement division.[14] In sum, the Witnesses' testimony and documentary evidence produced at trial reflects that the Debtors voluntarily entered into the HELP Loan agreement with WRB aware of the fact that the cost of the repair work was subject to increase beyond the initial cost given, that they knew they would be responsible for such increased costs, and that they in fact authorized the additional work to be performed and such additional costs to be charged. As such, the Debtors have failed to overcome the *prima facie* validity of Claim No. 12, and the Claim No. 12 Objection is **OVERRULED**.

4. With respect to Claim No. 13, the testimony and evidence produced by the Debtors at the Hearing failed to overcome the *prima facie* validity of the claim. Mr. Chappell testified that

---

[11] October 26, 2020 Hearing Audio Recording at 3:03 to 3:04 p.m.

[12] October 26, 2020 Hearing Audio Recording at 11:07 to 11:08 a.m.; 11:20 to 11:24 a.m.

[13] October 26, 2020 Hearing Audio Recording at 12:43 to 12:48 p.m.

[14] October 26, 2020 Hearing Audio Recording at 11:39 to 11:43 a.m.

5011 Saul Street and 5014R Leiper Street were conveyed to him by a single deed.[15] Mr. Chappell testified on direct examination that the 5014R Leiper Street address is a portion of his backyard, but that there are no structures there, no water meter, and he does not receive separate water bills for that property.[16] However, Mr. Chappell acknowledged that the Leiper Street address is different from the address of his home at 5011 Saul Street,[17] and the evidence reflected that the WRD charges for the Leiper Street address relate to stormwater charges, not water service charges.[18] The Debtors failed to prove that WRD's stormwater charges for the Leiper Street address, as distinguished from the water usage and stormwater charges for the Saul Street address, are improper. The Debtors also failed to offer *any* evidence that the amount of Claim No. 13 is overstated as a result of payments the Debtors made to the WRB under a payment plan in their prior bankruptcy case. As such, the Debtors have failed to overcome the *prima facie* validity of Claim No. 13, and the Claim No. 13 Objection is **OVERRULED**.

     5.    Having found that the Debtors' Claim Objections are overruled, Claim No. 12 and Claim No. 13 are **ALLOWED IN FULL**.

Dated: June 10, 2021

                                           MAGDELINE D. COLEMAN
                                           CHIEF U.S. BANKRUPTCY JUDGE

Roger V. Ashodian, Esquire
Regional Bankruptcy Center of SE PA
101 West Chester Pike, Suite 1A
Havertown, PA 19083

---

[15] October 26, 2020 Hearing Audio Recording at 1:41 to 1:42 p.m.; Debtor Exhibit 5.

[16] October 26, 2020 Hearing Audio Recording, at 1:42 to 1:43 p.m.; 1:48 to 1:49 p.m.

[17] October 26, 2020 Hearing Audio Recording, at 2:49 p.m.

[18] October 26, 2020 Hearing Audio Recording at 2:50 to 2:53 p.m.

7

Megan N. Harper, Esquire
City of Philadelphia
Law/Revenue Department
Municipal Service Building
1401 John F. Kennedy Boulevard, Room 580
Philadelphia, PA 19102-1595

William C. Miller, Esquire
Chapter 13 Trustee
P.O. Box 1229
Philadelphia, PA 19105

United States Trustee
Custom House
200 Chestnut Street, Suite 502
Philadelphia, PA 19106-2912