IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
-------------------------------------------------------x
In re:                                         :
                                               :      Chapter 13
                                               :
MELVIN CHAPPELL, JR., and,                     :
CHARLENE D. GRACE-CHAPPELL,                    :      Bankruptcy No. 19-11245 (MDC)
                                               :
                      Debtors.                 :
-------------------------------------------------------x
```

**THE CITY OF PHILADELPHIA, WATER REVENUE BUREAU'S RESPONSE
TO DEBTORS' MOTION FOR RECONSIDERATION AND RELIEF FROM ORDER
OVERRULING OBJECTIONS TO CLAIM NOS. 12 AND 13 ENTERED ON JUNE 10,
2021, PURSUANT TO BANKRUPTCY RULES 9023 AND 9024 AND FRCP 59 AND 60(b)**

The City of Philadelphia Water Revenue Bureau (the "City"), by and through its Counsel, Megan N. Harper, Senior City Solicitor, hereby submits the following Response to Debtors' Motion for Reconsideration and Relief from Order Overruling Objections to Claim Nos. 12 and 13 Entered on June 10, 2021, Pursuant to Bankruptcy Rules 9023 and 9024 and Fed. R. Civ. Pro. 59 and 60(b) (the "Motion for Reconsideration") and avers the following in support thereof:

**Preliminary Statement**

Melvin Chappell Jr. and Charlene D. Grace-Chappell ("Debtors") seek reconsideration of the June 10, 2021 order [Docket No. 168] (the "Order") overruling objections to the City's Claims 12 and 13 pursuant to Bankruptcy Rules 9023 and 9024, and Federal Rules of Civil Procedure 59(e) and 60(b). The Motion for Reconsideration, to the extent sought pursuant to Rule 59(e), was not timely filed. The Motion was due within 14 days, on or before June 24, 2021. *See* Fed. R. Civ. P. 59(e) made applicable by Fed. R. Bankr. P. 9023. The Motion for Reconsideration was filed on June 25, 2021. Accordingly, the Court lacks jurisdiction to hear the Motion to Reconsider pursuant to Rule 59(e). The only grounds on which Debtors may seek relief is Federal Rule of Civil Procedure 60(b). As set forth below, relief is not justified on any grounds put forth by Debtors.

## **Response**

1. Bald allegations, whether they be in a written objection to claim, elicited through testimony or asserted as a basis for a motion to reconsider, are not sufficient to overcome the prima facie validity of a proof of claim. Prima facie evidence as to both amount and validity remains even after an objection is lodged. *In re McElwee*, 469 B.R. 566, 578 (Bkrtcy. M.D. Pa., 2012). "A bald assertion, a mere conclusory statement, is, in and of itself, insufficient to rebut the presumption of validity. Instead, there must be some production of evidence by the debtor to rebut the presumption favoring the claimant." *In re Hollars*, 198 B.R. 270, 271 (Bankr. S.D. Ohio 1996) (citations omitted). "To overcome this prima facie evidence, the objecting party must come forth with evidence which, if believed, would refute at least one of the allegations essential to the claim." *In re Reilly*, 245 B.R. 768, 773 (B.A.P. 2d Cir. 2000).

2. This is especially so when, as here, a debtor is raising what amount to affirmative defenses to a proof of claim and the debtor has the burden of proof as to those defenses pursuant to non-bankruptcy law. *See e.g., In re Landbank Equity Corp.*, 973 F.2d 265, 269–70 (4th Cir. 1992) (nothing in the Bankruptcy Code alters the burdens of proof or persuasion in context of disputed claim); *Resyn Corp. v. United States*, 851 F.2d 660 (3d Cir. 1988) (burden of proving deficiency assessment is arbitrary and excessive rests on debtor); *In re Cath. Diocese of Wilmington, Inc.*, 513 B.R. 639 (Bankr. D. Del. 2014) (plan administrator asserting "ministerial exception" as affirmative defense to a proof of claim held the burden of pleading such defense sufficient to negate the prima facie validity of the filed claim).

3. With respect to Claim No. 12, the Debtors' objections to the HELP Loan, while they have morphed considerably since the written objection was filed in October 2019, have always been vaguely founded upon unpled, unproven affirmative defenses to enforcement of a

contract (*i.e.*, duress, unconscionability, adhesion, failure of the meeting of the minds). The burden to prove these defenses has always rested with the Debtors.

4.  In one last attempt to sway the Court, Debtors now accuse the City or the City's contractors of forgery. Debtors point to Mr. Chappell's testimony that the signature on WRB-9, p. 11 did not look like his and that he did not sign a document indicating a charge of $3,980. They agree that although Mr. Chappell testified that he signed the change order at WRB-9, p. 10, "Mr. Chappell also clearly indicated . . . that the cost figures totaling $2,152.50 were not filled in at the time." Debtors conclude further wrongdoing by the City or the City's contractor and state it is a matter of fact that the City or the City's contractor filled in the amounts after Mr. Chappell signed the document. *See* Motion for Reconsideration at p. 2, ¶¶ 6 and 7. Debtors also claim the Court failed to consider the law regarding whether a contract addendum, referring to the change order WRB-9, p. 10, signed in blank is enforceable. *Id*. at ¶ 8.

5.  A motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. Such motions should only be granted if "the alleged overlooked controlling decision of law or dispositive factual matter was of a nature that, if considered by the Court, might reasonably have resulted in a different conclusion." *In re Marinari*, 596 B.R. 809, 818 (Bankr. E.D. Pa.), *aff'd*, 610 B.R. 87 (E.D. Pa. 2019), *aff'd*, 838 F. App'x 709 (3d Cir. 2021). Motions to reconsider cannot be used to rehash arguments and facts previously presented or to urge a court to rethink a decision it has already made. *In re Trinity Innovative Enterprises, LLC*, No. 09-20579-REF, 2009 WL 4110207, at *1 (Bankr. E.D. Pa. Nov. 23, 2009) (citations omitted). Here, there was no manifest error of fact or law. Debtors are simply using the Motion for Reconsideration to relitigate their defenses to the City's claims.

3

6. The Bankruptcy Court, as the trier of fact, weighed the evidence, including testimony regarding the change orders at WRB-9, pp. 10 and 11, and correctly deemed it insufficient to overcome the prima facia validity of Claim 12. *See* Order at pp. 5, ¶ 6. Mr. Chappell's testimony that the signature on WRB-9, p. 11 did not look like his signature and that he did not sign a document indicating a charge of $3,980.00 was not sufficient to meet the burden of proving forgery. In Pennsylvania, forgery must be proven by "clear, direct, precise and convincing" evidence. *See Knop v. McMahan*, 872 F.2d 1132, 1140 (3d Cir. 1989); *Carlson v. Sherwood*, 416 Pa. 286, 206 A.2d 19 (1965).

7. In *Carlson v. Sherwood*, the Pennsylvania Supreme Court found no error in the trial court's ruling that the following testimony failed to meet the debtor's evidentiary burden:

> When asked by his counsel if it were his signature on the note, the petitioning judgment debtor answered, 'I would say no.' To a further question inquiring whether or not he had signed the note, his answer was, 'I *don't think* I ever did sign it.' (Emphasis supplied.) This uncorroborated testimony is certainly less than clear, direct, precise and convincing, . . . .

*Carlson*, 206 A.2d at 20 (1965). The testimony is strikingly similar to Mr. Chappell's.

8. Debtors seem to believe that Mr. Chappell's testimony shifted the burden to the City to then disprove an affirmative defense of forgery that was never properly pled or proven in the first instance. That is not how the evidentiary burden works.

9. Debtors' argument that WRB-9, p. 10 did not have the dollar figure of $2,152.50 when he signed it appears to be incorrect. The City has listened to Mr. Chappell's testimony three times through and did not hear Mr. Chappell testify that "the cost figures totaling $2,152.50 were not filled in" when he signed it. The Order also does not note any such testimony and Debtors have not provided a citation to the record where such testimony can be found.

10. Debtors state it is a fact that "the City or the City's contractor filled in the amounts on WRB-9, pg. 10 after Mr. Chappell signed the document." *See* Motion for Reconsideration at p. 2, ¶ 7. Given that Mr. Chappell did not testify as alleged, this is precisely the type of conclusory unsupported allegation that fails to overcome the prima facie validity of a claim.[1]

11. Moreover, Debtors would have this Court focus on the trees and ignore the existence of the forest. As the Court noted, Mr. Chappell testified that he sought the HELP Loan, he reviewed and executed the HELP Loan Agreement, he reviewed the initial work order detailing the scope and cost of initial repairs, and executed change orders. *See* Order at p. 5, ¶ 3.

12. In addition, Mr. Chappell clearly understood that the scope and cost of work may increase from the estimate of $5,250.50.[2] He acknowledged that the work for which he was billed $11,838 was performed.[3] Mr. Chappell also admitted that he knew the cost was increasing as the work was being performed.[4] Debtors have presented insufficient evidence to refute the amount, validity and enforceability of the HELP Loan.

13. Considering whether Debtors' argument merits relief from the Order pursuant to Fed. R. Civ. P. 60(b), the answer is the same, it does not. A motion for relief from an order may be granted:

> for (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud...misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. The movant

---

[1] Debtors also suggest the Court has made an error by not considering the law regarding the enforceability of a change order signed in blank (an issue that appears to be mooted by lack of evidence). Remarkably, they have not pointed the Court to any controlling decision of law on the issue. If ever there were a time to produce such law, a Motion to Reconsider on grounds of manifest error of law would have been it.
[2] October 26, 2020 Hearing Audio Recording at 3:51 to 3:53 p.m.
[3] *Id.*
[4] October 26, 2020 Hearing Audio Recording at 3:59 to 4:00 p.m.

> bears the burden of pleading and proving the grounds justifying relief under Rule 60(b).

*In re Marinari*, 596 B.R. at 822–23 (citations omitted).

14. Since Debtors have not specified the subsection pursuant to which they seek relief under Rule 60(b), it is matter of conjecture. The City presumes Debtors seek relief under the catchall 60(b)(6).

15. Rule 60(b) does not identify factors that justify relief. The Court is authorized to grant relief when appropriate to accomplish justice, but should only do so in "extraordinary circumstances" demonstrating an extreme and unexpected hardship if the relief is not granted. *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863–64, 108 S. Ct. 2194, 2204–05, 100 L. Ed. 2d 855 (1988). Holding Debtors liable for the work performed pursuant to a HELP Loan they sought does not present an extreme or unexpected hardship.

16. Regarding Claim No. 13, Debtors continue to assert that because 5014R Leiper Street and 5011 Saul Street were conveyed by a single deed and because they allegedly did not receive bills for 5014R Leiper Street, the portion of Claim No. 13 pertaining to 5014R Leiper Street should be disallowed. *See* Motion for Reconsideration at p. 3, ¶¶ 15, 16.

17. Debtors have never explained the legal significance of the conveyance of two parcels on one deed[5] with two separate addresses or how or why that should preclude the City from charging stormwater for both parcels. The deed, introduced as D-5, does not change or merge the metes and bounds of 5014R Leiper Street and 5011 Saul Street and the properties continue to be referred to as premises "A" and premises "B" throughout the deed. Mr. Chappell confirmed that

---

[5] Readily available information the Philadelphia Office of Property Assessment would suggest that quite a few additional steps are required for consolidation of separate parcels of property. *See* www.phila.gov/services/property-lots-housing/property-taxes/report-a-change-to-lot-lines-for-your-property-taxes/.

they remain two separate addresses and there was evidence that charges for Leiper St. relate to stormwater only. *See* Order at p. 7, ¶ 4.

18. In addition, during the November 4, 2021 hearing on the City's Motion for a Directed Verdict, the parties argued over whether Debtors should be allowed to present evidence that they were not billed for stormwater at 5014R Leiper Street.[6] The Order does not directly address Mr. Chappell's testimony regarding billing.

19. Even if the Court did consider the testimony, which the City continues to argue was beyond the scope of the objection, it amounts to nothing more than another bald, unsupported allegation and cannot defeat the prima facie validity of the claim. *See e.g., In re Richbow*, 102 A.F.T.R.2d 2008-7166 (Bkrtcy. D. Md.) (debtor simply stating he did not recall receiving notice of a lien does not negate validity of a claim); *Hood v. Am. Exp. Centurion Bank*, No. 11-CV-0028-MJR, 2011 WL 1519650, at *7 (S.D. Ill. Apr. 20, 2011), *aff'd sub nom. In re Hood*, 449 F. App'x 507 (7th Cir. 2011) (a bald assertion or mere conclusory statement is insufficient to rebut validity).

WHEREFORE, the City respectfully requests that this Court DENY Debtors' Motion for Reconsideration.

                                              Respectfully submitted,

                                              THE CITY OF PHILADELPHIA

Dated: July 8, 2021            By:   */s/ Megan N. Harper*
                                               MEGAN N. HARPER
                                               Senior City Solicitor
                                               PA Attorney I.D. 81669
                                               Attorney for the City of Philadelphia
                                               City of Philadelphia Law Department
                                               Municipal Services Building
                                               1401 JFK Boulevard, 5th Floor
                                               Philadelphia, PA  19102-1595
                                               215-686-0503 (phone)
                                               Email: Megan.Harper@phila.gov

---

[6] November 4, 2021 Hearing Audio Recording at 1:58 to 2:05 p.m.