**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | : | Chapter 13 |
| Melvin Chappell, Jr. and | : | |
| Charlene D. Grace-Chappell, | | |
| Debtors. | : | Case No. 19-11245-MDC |

# O R D E R

**AND NOW**, on June 10, 2021, the Court entered an Order (the "Directed Verdict Order") against the above-captioned debtors (the "Debtors"), overruling their objections (the "Claim Objections") to claim numbers 12 and 13 (the "Claims") filed by the City of Philadelphia Water Revenue Bureau (the "WRB"), and allowing the Claims in full.[1]

**AND**, on June 25, 2021, the Debtors filed the *Debtors' Motion for Reconsideration and Relief from Order Overruling Objections to Claims Nos. 12 and 13 on June 10, 2021, Pursuant to Bankruptcy Rules 9023 and 9024 and Fed. R. Civ. P. 59 and 60(b)* (the "Reconsideration Motion"),[2] requesting that the Court reconsider, vacate in part, and grant the Debtors partial relief from the Directed Verdict Order.

**AND**, on July 8, 2021, the WRB filed *The City of Philadelphia, Water Revenue Bureau's Response to Debtors' Motion for Reconsideration and Relief from Order Overruling Objections to Claim Nos. 12 and 13 Entered on June 10, 2021, Pursuant to Bankruptcy Rules 9023 and 9024 and FRCP 59 and 60(b)* (the "WRB Response").[3]

**AND**, on July 29, 2021, the Court held a hearing (the "Reconsideration Hearing") on the

---

[1] Bankr. Docket No. 188.

[2] Bankr. Docket No. 190.

[3] Bankr. Docket No. 194.

Reconsideration Motion and the WRB Response, after which the Court took the matter under advisement and gave the Debtors the opportunity to submit, by August 12, 2021, a supplemental brief addressing two limited issues raised in the WRB Response (a "Supplemental Brief").

**AND**, on August 12, 2021, the Debtors filed a motion (the "First Briefing Extension Motion") requesting an extension to file a Supplemental Brief until August 13, 2021, stating that "[f]inding case law on some of the issues discussed at the [Reconsideration Hearing] has proven more difficult than anticipated."[4]

**AND**, on August 13, 2021, the Court entered an Order extending the Debtors' deadline to file a Supplemental Brief until August 16, 2021 (the "Extended Deadline").[5]

**AND**, the Debtors failed to file a Supplemental Brief by the Extended Deadline.

**AND**, on August 26, 2021, the Debtors filed a motion (the "Second Briefing Extension Motion") requesting a further extension to file a Supplemental Brief until August 30, 2021, representing that counsel for the Debtors was not able to meet the Extended Deadline due to time spent attempting to cite to the testimony of the hearing on the Claim Objections (the "Claim Objections Hearing").

**AND**, upon consideration of the Second Briefing Extension Motion.

It is hereby **ORDERED** that:

1. The Second Briefing Extension Motion is **GRANTED** as provided herein.

2. The Debtors shall file a Supplemental Brief on or before **September 9, 2021, at 12:00 p.m. (ET)**.

---

[4] Bankr. Docket No. 203.
[5] Bankr. Docket No. 204.

3.  The Court will not grant the Debtors any further extension of the deadline to file a Supplemental Brief.[6]

Dated: September 7, 2021

*Magdeline D. Coleman*

MAGDELINE D. COLEMAN
CHIEF U.S. BANKRUPTCY JUDGE

Roger V. Ashodian, Esquire
Regional Bankruptcy Center of SE PA
101 West Chester Pike, Suite 1A
Havertown, PA 19083

Megan N. Harper, Esquire
City of Philadelphia
Law/Revenue Department
Municipal Service Building
1401 John F. Kennedy Boulevard, Room 580
Philadelphia, PA 19102-1595

William C. Miller, Esquire
Chapter 13 Trustee
P.O. Box 1229
Philadelphia, PA 19105

United States Trustee
Custom House
200 Chestnut Street, Suite 502
Philadelphia, PA 19106-2912

---

[6] Although the Court is reluctantly granting the Second Extension Motion, it deems it appropriate to admonish the Debtors' counsel for needing to request a further extension. First, the First Extension Motion made no mention at all of counsel's apparent difficulty in citing to the testimony at the Claim Objections Hearing, which the Court believes counsel would or should have been aware of at that point. More importantly, counsel for the Debtors simply could have included a footnote in a Supplemental Brief explaining to the Court and opposing counsel that citations to testimony were done according to time elapsed at the hearing, obviating the need both to convert elapsed time to the actual time of day and to ask this Court for another extension. The Court therefore finds the grounds for the Second Extension Motion to border on frivolous but will grant the motion to allow the Debtors to fully present their arguments for reconsideration. Counsel for the Debtors is cautioned, however, that future motions based on similar grounds will not be viewed as forgivingly.