United States Bankruptcy Court

Eastern District of Pennsylvania

| | |
|---|---|
| In re: | Case No. 19-11245-mdc |
| Melvin Chappell, Jr. | Chapter 13 |
| Charlene D. Grace-Chappell | |
| Debtors | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0313-2 | User: admin | Page 1 of 2 |
| Date Rcvd: Sep 08, 2021 | Form ID: pdf900 | Total Noticed: 4 |

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Sep 10, 2021:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Melvin Chappell, Jr., 5011 Saul Street, Philadelphia, PA 19124-2635 |
| db | | Melvin Chappell, Jr., 5014R Leiper Street, Philadelphia, PA 19124 |
| jdb | | Charlene D. Grace-Chappell, 5014R Leiper Street, Philadelphia, PA 19124 |
| jdb | + | Charlene D. Grace-Chappell, 5011 Saul Street, Philadelphia, PA 19124-2635 |

TOTAL: 4

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 10, 2021          Signature:        /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on September 8, 2021 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| JASON BRETT SCHWARTZ | on behalf of Creditor Capital One Auto Finance jschwartz@mesterschwartz.com |
| KEVIN G. MCDONALD | on behalf of Creditor Nationstar Mortgage LLC D/B/A Mr. Cooper bkgroup@kmllawgroup.com |
| KEVIN S. FRANKEL | on behalf of Creditor Nationstar Mortgage LLC d/b/a Mr. Cooper pa-bk@logs.com |
| KRISTEN D. LITTLE | on behalf of Creditor Nationstar Mortgage LLC d/b/a Mr. Cooper pabk@logs.com  klittle@logs.com;logsecf@logs.com |

District/off: 0313-2                    User: admin                    Page 2 of 2

Date Rcvd: Sep 08, 2021                 Form ID: pdf900                 Total Noticed: 4

MEGAN N. HARPER
    on behalf of Creditor CITY OF PHILADELPHIA megan.harper@phila.gov  karena.blaylock@phila.gov

PEARL PHAM
    on behalf of Creditor Philadelphia Gas Works pearl.pham@pgworks.com

REBECCA ANN SOLARZ
    on behalf of Creditor Nationstar Mortgage LLC D/B/A Mr. Cooper bkgroup@kmllawgroup.com

REBECCA ANN SOLARZ
    on behalf of Creditor Nationstar Mortgage LLC d/b/a Mr. Cooper bkgroup@kmllawgroup.com

ROGER V. ASHODIAN
    on behalf of Debtor Melvin Chappell  Jr. ecf@schollashodian.com

ROGER V. ASHODIAN
    on behalf of Joint Debtor Charlene D. Grace-Chappell ecf@schollashodian.com

United States Trustee
    USTPRegion03.PH.ECF@usdoj.gov

WILLIAM C. MILLER, Esq.
    ecfemails@ph13trustee.com  philaecf@gmail.com

WILLIAM C. MILLER, Esq.
    on behalf of Trustee WILLIAM C. MILLER  Esq. ecfemails@ph13trustee.com, philaecf@gmail.com

WILLIAM EDWARD CRAIG
    on behalf of Creditor American Credit Acceptance ecfmail@mortoncraig.com  mortoncraigecf@gmail.com

TOTAL: 14

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

In re:                                :         Chapter 13

Melvin Chappell, Jr. and           :
Charlene D. Grace-Chappell,

               Debtors.          :         Case No.   19-11245-MDC

# O R D E R

**AND NOW**, on June 10, 2021, the Court entered an Order (the "Directed Verdict Order")
against the above-captioned debtors (the "Debtors"), overruling their objections (the "Claim
Objections") to claim numbers 12 and 13 (the "Claims") filed by the City of Philadelphia Water
Revenue Bureau (the "WRB"), and allowing the Claims in full.[1]

**AND**, on June 25, 2021, the Debtors filed the *Debtors' Motion for Reconsideration and
Relief from Order Overruling Objections to Claims Nos. 12 and 13 on June 10, 2021, Pursuant to
Bankruptcy Rules 9023 and 9024 and Fed. R. Civ. P. 59 and 60(b)* (the "Reconsideration
Motion"),[2] requesting that the Court reconsider, vacate in part, and grant the Debtors partial relief
from the Directed Verdict Order.

**AND**, on July 8, 2021, the WRB filed *The City of Philadelphia, Water Revenue Bureau's
Response to Debtors' Motion for Reconsideration and Relief from Order Overruling Objections to
Claim Nos. 12 and 13 Entered on June 10, 2021, Pursuant to Bankruptcy Rules 9023 and 9024 and
FRCP 59 and 60(b)* (the "WRB Response").[3]

**AND**, on July 29, 2021, the Court held a hearing (the "Reconsideration Hearing") on the

---

[1] Bankr. Docket No. 188.

[2] Bankr. Docket No. 190.

[3] Bankr. Docket No. 194.

Reconsideration Motion and the WRB Response, after which the Court took the matter under advisement and gave the Debtors the opportunity to submit, by August 12, 2021, a supplemental brief addressing two limited issues raised in the WRB Response (a "Supplemental Brief").

**AND**, on August 12, 2021, the Debtors filed a motion (the "First Briefing Extension Motion") requesting an extension to file a Supplemental Brief until August 13, 2021, stating that "[f]inding case law on some of the issues discussed at the [Reconsideration Hearing] has proven more difficult than anticipated."[4]

**AND**, on August 13, 2021, the Court entered an Order extending the Debtors' deadline to file a Supplemental Brief until August 16, 2021 (the "Extended Deadline").[5]

**AND**, the Debtors failed to file a Supplemental Brief by the Extended Deadline.

**AND**, on August 26, 2021, the Debtors filed a motion (the "Second Briefing Extension Motion") requesting a further extension to file a Supplemental Brief until August 30, 2021, representing that counsel for the Debtors was not able to meet the Extended Deadline due to time spent attempting to cite to the testimony of the hearing on the Claim Objections (the "Claim Objections Hearing").

**AND**, upon consideration of the Second Briefing Extension Motion.

It is hereby **ORDERED** that:

1.      The Second Briefing Extension Motion is **GRANTED** as provided herein.

2.      The Debtors shall file a Supplemental Brief on or before **September 9, 2021, at 12:00 p.m. (ET)**.

---

[4] Bankr. Docket No. 203.

[5] Bankr. Docket No. 204.

   3.  The Court will not grant the Debtors any further extension of the deadline to file a

Supplemental Brief.[6]

Dated: September 7, 2021

                *Magdeline D. Coleman*
                _____
                MAGDELINE D. COLEMAN
                CHIEF U.S. BANKRUPTCY JUDGE

Roger V. Ashodian, Esquire
Regional Bankruptcy Center of SE PA
101 West Chester Pike, Suite 1A
Havertown, PA 19083

Megan N. Harper, Esquire
City of Philadelphia
Law/Revenue Department
Municipal Service Building
1401 John F. Kennedy Boulevard, Room 580
Philadelphia, PA 19102-1595

William C. Miller, Esquire
Chapter 13 Trustee
P.O. Box 1229
Philadelphia, PA 19105

United States Trustee
Custom House
200 Chestnut Street, Suite 502
Philadelphia, PA 19106-2912

---

[6] Although the Court is reluctantly granting the Second Extension Motion, it deems it appropriate to admonish the Debtors' counsel for needing to request a further extension.   First, the First Extension Motion made no mention at all of counsel's apparent difficulty in citing to the testimony at the Claim Objections Hearing, which the Court believes counsel would or should have been aware of at that point. More importantly, counsel for the Debtors simply could have included a footnote in a Supplemental Brief explaining to the Court and opposing counsel that citations to testimony were done according to time elapsed at the hearing, obviating the need both to convert elapsed time to the actual time of day and to ask this Court for another extension.   The Court therefore finds the grounds for the Second Extension Motion to border on frivolous but will grant the motion to allow the Debtors to fully present their arguments for reconsideration.   Counsel for the Debtors is cautioned, however, that future motions based on similar grounds will not be viewed as forgivingly.