United States Bankruptcy Court

Eastern District of Pennsylvania

| | |
|---|---|
| In re: | Case No. 19-11245-mdc |
| Melvin Chappell, Jr. | Chapter 13 |
| Charlene D. Grace-Chappell | |
|     Debtors | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0313-2 | User: admin | Page 1 of 2 |
| Date Rcvd: Sep 24, 2021 | Form ID: pdf900 | Total Noticed: 4 |

The following symbols are used throughout this certificate:
**Symbol    Definition**

+    Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Sep 26, 2021:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Melvin Chappell, Jr., 5011 Saul Street, Philadelphia, PA 19124-2635 |
| db | | Melvin Chappell, Jr., 5014R Leiper Street, Philadelphia, PA 19124 |
| jdb | | Charlene D. Grace-Chappell, 5014R Leiper Street, Philadelphia, PA 19124 |
| jdb | + | Charlene D. Grace-Chappell, 5011 Saul Street, Philadelphia, PA 19124-2635 |

TOTAL: 4

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

## BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

## NOTICE CERTIFICATION

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Sep 26, 2021        Signature:    /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on September 24, 2021 at the address(es) listed below:

| Name | Email Address |
|---|---|
| JASON BRETT SCHWARTZ | on behalf of Creditor Capital One Auto Finance jschwartz@mesterschwartz.com |
| KEVIN G. MCDONALD | on behalf of Creditor Nationstar Mortgage LLC D/B/A Mr. Cooper bkgroup@kmllawgroup.com |
| KEVIN S. FRANKEL | on behalf of Creditor Nationstar Mortgage LLC d/b/a Mr. Cooper pa-bk@logs.com |
| KRISTEN D. LITTLE | on behalf of Creditor Nationstar Mortgage LLC d/b/a Mr. Cooper pabk@logs.com klittle@logs.com;logsecf@logs.com |

| | |
|---|---|
| MEGAN N. HARPER | on behalf of Creditor CITY OF PHILADELPHIA megan.harper@phila.gov  karena.blaylock@phila.gov |
| PEARL PHAM | on behalf of Creditor Philadelphia Gas Works pearl.pham@pgworks.com |
| REBECCA ANN SOLARZ | on behalf of Creditor Nationstar Mortgage LLC D/B/A Mr. Cooper bkgroup@kmllawgroup.com |
| REBECCA ANN SOLARZ | on behalf of Creditor Nationstar Mortgage LLC d/b/a Mr. Cooper bkgroup@kmllawgroup.com |
| ROGER V. ASHODIAN | on behalf of Debtor Melvin Chappell  Jr. ecf@schollashodian.com |
| ROGER V. ASHODIAN | on behalf of Joint Debtor Charlene D. Grace-Chappell ecf@schollashodian.com |
| United States Trustee | USTPRegion03.PH.ECF@usdoj.gov |
| WILLIAM C. MILLER, Esq. | ecfemails@ph13trustee.com  philaecf@gmail.com |
| WILLIAM C. MILLER, Esq. | on behalf of Trustee WILLIAM C. MILLER  Esq. ecfemails@ph13trustee.com, philaecf@gmail.com |
| WILLIAM EDWARD CRAIG | on behalf of Creditor American Credit Acceptance ecfmail@mortoncraig.com  mortoncraigecf@gmail.com |

TOTAL: 14

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | : | Chapter 13 |
| Melvin Chappell, Jr. and | : | |
| Charlene D. Grace-Chappell, | | |
| Debtors. | : | Case No. 19-11245-MDC |

# **O R D E R**

      **AND NOW**, on July 5, 2019, the City of Philadelphia Water Revenue Bureau (the "WRB") filed a Proof of Claim ("Claim No. 12") in the bankruptcy case of Melvin Chappell, Jr. and Charlene D. Grace-Chappell (the "Debtors," and together with the WRB, the "Parties"), asserting a secured claim in the amount of $11,383.00 based on a "municipal claim."

      **AND**, on July 22, 2019, WRB filed a Proof of Claim ("Claim No. 13," and together with Claim No. 12, the "Claims") in the Debtors' bankruptcy case, asserting a secured claim in the amount of $6,809.19 based on a "municipal claim."

      **AND**, on October 24, 2019, the Debtors filed the *Debtor's* [sic] *Objection to Proof of Claim No. 12 Filed by the City of Philadelphia Water Revenue Bureau* (the "Claim No. 12 Objection").[1]

      **AND**, on October 24, 2019, the Debtors filed the *Debtor's* [sic] *Objection to Proof of Claim No. 13 Filed by the City of Philadelphia Water Revenue Bureau* (the "Claim No. 13 Objection," and together with the Claim No. 12 Objection, the "Claim Objections").[2]

      **AND**, on October 26, 2020, and November 4, 2020, the Court held a hearing (the "Claim

---

[1] Bankr. Docket No. 61.

[2] Bankr. Docket No. 63.

Objection Hearing") on the Claim Objections, at which the Debtors called Debtor Melvin Chappell, Jr. ("Mr. Chappell") and Derrick Segers ("Mr. Segers," and together with the Debtor, the "Witnesses"), manager of the WRB's HELP program, as on cross, in support of their case-in-chief.

**AND**, at the close of the Debtors' case-in-chief at the Claim Objection Hearing, WRB moved for a directed verdict in favor of WRB without producing its own evidence in support of the Claims, asserting that the Debtors had not produced sufficient evidence to overcome the *prima facie* validity of the Claims.

**AND**, on June 10, 2021, the Court entered an Order (the "Directed Verdict Order") overruling the Claim Objections and allowing the Claims in full.[3]

**AND**, on June 25, 2021, the Debtors filed the *Debtors' Motion for Reconsideration and Relief from Order Overruling Objections to Claims Nos. 12 and 13 on June 10, 2021, Pursuant to Bankruptcy Rules 9023 and 9024 and Fed. R. Civ. P. 59 and 60(b)* (the "Reconsideration Motion"),[4] requesting that the Court reconsider, vacate in part, and grant the Debtors partial relief from the Directed Verdict Order.

**AND**, on July 8, 2021, WRB filed *The City of Philadelphia, Water Revenue Bureau's Response to Debtors' Motion for Reconsideration and Relief from Order Overruling Objections to Claim Nos. 12 and 13 Entered on June 10, 2021, Pursuant to Bankruptcy Rules 9023 and 9024 and FRCP 59 and 60(b)* (the "WRB Response").[5]

**AND**, on July 29, 2021, the Court held a continued hearing (the "Reconsideration

---

[3] Bankr. Docket No. 188.
[4] Bankr. Docket No. 190.
[5] Bankr. Docket No. 194.

Hearing")[6] on the Reconsideration Motion and the WRB Response, after which the Court took the matter under advisement and gave the Debtors the opportunity to submit, by August 12, 2021, a supplemental brief addressing two limited issues raised in the WRB Response (a "Supplemental Brief").

**AND**, on August 12, 2021, the Debtors filed a motion (the "First Briefing Extension Motion") requesting an extension to file a Supplemental Brief until August 13, 2021, stating that "[f]inding case law on some of the issues discussed at the [Reconsideration Hearing] has proven more difficult than anticipated."[7]

**AND**, on August 13, 2021, the Court entered an Order extending the Debtors' deadline to file a Supplemental Brief until August 16, 2021 (the "First Extended Deadline").[8]

**AND**, the Debtors failed to file a Supplemental Brief by the First Extended Deadline.

**AND**, on August 26, 2021, almost two weeks after the Order granting the First Extended Deadline was entered, the Debtors filed another motion (the "Second Briefing Extension Motion") requesting an extension to file a Supplemental Brief until August 30, 2021, representing that they failed to file a Supplemental Brief by the First Extension Deadline due to the purported impossibility their counsel encountered in accurately citing to the recording of the Claim Objection Hearing.[9]

**AND**, on September 7, 2021, the Court entered an Order further extending the Debtors' deadline to file a Supplemental Brief until September 9, 2021 (the "Second Extended Deadline"),

---

[6] The Hearing was initially scheduled for July 20, 2021, but was continued to July 28, 2021, at the request of Debtors' counsel.

[7] Bankr. Docket No. 203.

[8] Bankr. Docket No. 204.

[9] Bankr. Docket No. 206.

3

notwithstanding that the Debtors had failed to file a Supplemental Brief either by the First Extended Deadline or the subsequent requested deadline of August 30, 2021.

**AND**, the Debtors failed to file a Supplemental Brief by the Second Extended Deadline or at any point thereafter as of the date of this Order.

**AND**, upon consideration of the Reconsideration Motion, the WRB Response, and the arguments of the Parties at the Reconsideration Hearing.

It is hereby **FOUND, DETERMINED,** and **ORDERED** that:

1. The Reconsideration Motion is **DENIED**.

2. In their Reconsideration Motion, the Debtors argue that they have met their burden in challenging the *prima facie* validity of the Claims. The Debtors assert that reconsideration and relief from the Directed Verdict Order is warranted with respect to Claim No. 12 because (i) Mr. Chappell's uncontroverted testimony at the Claim Objection Hearing that he did not sign a change order in the amount of $3,980.00 was not equivocal, as the Court concluded in the Directed Verdict Order; (ii) Mr. Chappell's uncontroverted testimony was that the change order he executed reflecting additional work totaling $2,152.50 did not have that figure filled in at the time he signed it; and (iii) the Court failed to address in the Directed Verdict Order "the legal issue of whether a contract addendum signed in blank by a homeowner could justify charges filled in later by a contractor or the City without any specific authorization by the homeowner." The Debtors argue that they therefore overcame the *prima facie* validity of Claim No. 12 for all amounts in excess of $5,250.50.

3. The Debtors assert that relief from the Directed Verdict Order is warranted with respect to Claim No. 13 because, although Mr. Chappell acknowledged that the Debtors' rear yard

4

has a different street address from his home, the Court "made no legal ruling that the Water Revenue Bureau has legal right to charge for two separate bills when two separate street addresses are consolidated in a single deed to a property." The Debtors argue that they therefore overcame the *prima facie* validity of Claim No. 13 by introducing the deed reflecting that the Debtors' residence and rear yard were conveyed by a single deed, and by Mr. Chappell's testimony that the Debtors were not billed separately pre-petition for stormwater charges for the rear yard portion of their property.

4. The WRB responds with a number of counter-arguments.[10] With respect to Claim No. 12, the WRB first addresses the Debtors' argument that Mr. Chappell's testimony, suggesting the signature on the change order totaling $3,980.00 did not look like his and that he did not sign a document with a charge in that amount, shifted the burden to the WRB to prove that Mr. Chappell did sign the change order. The WRB argues that the Court correctly found this testimony was insufficient to overcome the *prima facie* validity of Claim No. 12, and further argues that this testimony is insufficient under Pennsylvania law to prove forgery. The WRB also argues that an affirmative defense of forgery was never properly pled in the Claim No. 12 Objection in the first

---

[10] As a preliminary matter, the WRB argues that, to the extent the Reconsideration Motion is grounded in F.R.C.P. 59(e), it was untimely because it was not filed within 14 days of the Directed Verdict Order's entry, and the Court therefore lacks jurisdiction to hear it based on that ground. F.R.B.P. 9023 makes F.R.C.P. 59 applicable to bankruptcy cases as a general matter, but provides that "[a] motion for a new trial or to alter or amend a judgment shall be filed … no later than 14 days after entry of judgment." Here, the Directed Verdict Order was entered on June 10, 2021, and the Reconsideration Motion was not filed until June 25, 2021, outside of F.R.B.P. 9023's deadline. In their First Briefing Extension Motion, filed after the WRB Response was filed and therefore with the benefit of being alerted to the WRB's timeliness argument, the Debtors assert that they "initiated electronic filing" of the Reconsideration Motion on June 24, but it was not docketed until early on June 25. At no point did the Debtors seek leave to file the Reconsideration Motion late with respect to F.R.B.P. 9023's deadline, nor did they, prior to filing the First Briefing Extension Motion on August 12, alert the Court to their claim that they timely initiated the filing of the Reconsideration Motion but it for some reason did not "hit the docket" until the next day. The Reconsideration Motion was untimely for purposes of F.R.C.P. 59.

instance. Turning then to the Debtors' claim that Mr. Chappell signed the change order totaling $2,152.50, but that the amount charged was not completed in the document when he signed it, the WRB argues that Mr. Chappell did not offer testimony in support of that argument at the Claim Objection Hearing and that the Debtors have cited to no such testimony. The WRB also argues that the Debtors, despite arguing that the Court failed to consider the law regarding the enforceability of a change order signed in blank, have failed to cite any controlling law on that issue.

5. With respect to Claim No. 13, the WRB argues that although the Debtors continue to assert that the WRB cannot separately bill for stormwater charges for the rear yard portion of their property where it was conveyed by a single deed with the Debtors' residence, they have failed to explain the legal significance of conveyance by one deed with respect to why it precludes the WRB from separately billing for two separate addresses, particularly where the deed did not change the separate parcels' metes and bounds and refers to them as two separate premises. The WRB further argues that any testimony by Mr. Chappell at the Claim Objection Hearing that the Debtors were not billed separately pre-petition for the rear yard property was beyond the scope of the Claim No. 13 Objection and should not be considered by the Court, but to the extent it is, it constitutes unsupported allegations that did not overcome the *prima facie* validity of Claim No. 13.

6. At the Reconsideration Hearing, the Court advised the Parties that the threshold issue to be determined is whether the grounds which the Debtors now argue warrant relief from the Directed Verdict Order were even before the Court when resolving the Claim Objections. That is, the Debtors cannot argue that reconsideration is proper by asserting grounds for objecting to the Claims, and pointing to evidence allegedly in support thereof, that were not grounds stated in the

6

Claim Objections in the first place. *See Hall v. Ferrell (In re Ferrell)*, 2016 Bankr. LEXIS 913, at *7-*8 (Bankr. D. Maine Mar. 23, 2016) ("Relevance is determined by reference to the specific claims and defenses in the case … Relevance is not determined by some vague notion of the parties' disputes, disagreements, or animosity in general … *Relevance is hinged to the specific claims and defenses that are actually being litigated in the current proceeding.*") (emphasis added). A motion to reconsider an order allowing or disallowing a claim cannot be used to revise the basis for the claim objection as stated in the pleadings. *In re Compass Marine Corp.*, 1992 Bankr. LEXIS 1680, at *9-*10 (Bankr. E.D. Pa. Oct. 28, 1992) (on dueling motions for reconsideration of an order resolving a claim objection, stating "[W]e are not prepared to allow either party to present a post-trial revisionist version of their pleadings in this case. We conclude that the IRS is bound by its Claim and the Debtor is bound by its Objection."); *see also Chatlos Sys. v. Kaplan (In re TIE/Communications)*, 163 B.R. 435, 440 (Bankr. D. Del. 1994) (debtor could not raise new grounds for its claim objection in a post-trial brief where it did not assert those grounds in any of several pleadings filed prior to the trial, thereby taking the claimant and the court by surprise).

7. The Claim No. 12 Objection stated several grounds for objection: (i) inadequate information to support the reasonableness of the charges (¶6); (ii) the charges were the result of a no-bid contract (¶7); (iii) the Debtors were not provided with information on the amount of the charges prior to performance of the work or whether alternative bids were possible (¶8); (iv) the charge for the work performed was excessive (¶9); and (v) the WRB does not typically demand full payment of large invoices but has done so here by Claim No. 12 (¶10). Nowhere in the Claim No. 12 Objection did the Debtors assert that the change orders were signed in blank, with charges

7

filled in after-the-fact, or that Mr. Chappell did not sign the change order in the amount of $3,980.00, notwithstanding that a signature bearing his name appears on the document. Nor did the Debtors at any point in time prior to the Claim Objection Hearing put the WRB on notice by amending Claim Objection No. 12 to assert these grounds for objection. Yet the Debtors now argue that the evidence at the Claim Objection Hearing not only properly served to amend their objection to include these grounds, but that the evidence shifted the burden to the WRB to disprove these newly-pressed objections with evidence of its own. This is not the case. Having not pled these grounds for objection nor amended their pleading, the Debtors could not adduce evidence on them at the Claim Objection Hearing by surprise and then argue that the burden shifted to the WRB to disprove them.

8. At the Reconsideration Hearing, counsel for the Debtors argued that the pleadings should be deemed to conform to the evidence. Counsel appears to have been arguing for the application of F.R.C.P. 15(b)(2), which provides, in relevant part, that "When an issue not raised by the pleadings is tried by the parties' express or implied consent, it must be treated in all respects as if raised in the pleadings." F.R.C.P. 15(b)(2). That Rule, however, does not have mandatory application in contested matters such as claim objection proceedings. Rather, contested matters are governed by F.R.B.P. 9014, which mandates application of certain adversary rules to contested matters, but F.R.B.P. 7015 (and therefore not F.R.C.P. 7015) is not among them. *See* F.R.B.P. 9014(c); *see also In re Kneer*, 628 B.R. 205, 210-11 (Bankr. E.D. Pa. May 24, 2021).

9. F.R.B.P. 9014(c) does provide for a bankruptcy court's discretion in applying adversary rules other than those enumerated: "The court may at any stage in a particular matter direct that one or more of the other rules in Part VII shall apply." F.R.B.P. 9014(c). Certainly,

8

courts have relied on this discretion to apply F.R.B.P. 7015 to contested matters. *See, e.g., In re MK Lombard Grp. I, Ltd.*, 301 B.R. 812, 816 (Bankr. E.D. Pa. 2003) (noting the "trend of the cases appear to apply Rule 7015 to contested matters") (citing cases). Under the circumstances here, however, the Court will not apply F.R.B.P. 7015 to amend the Claim Objections to conform to what little evidence there may have been at the Claim Objection Hearing to support the Debtors' new-found grounds for objection. As noted, despite having plenty of time and opportunity to do so, the Debtors did not at any point amend the Claim No. 12 Objection to assert that Mr. Chappell did not sign a change order or signed a change order in blank, only for the charges to be filled in at a later point in time. Doing so would have put the WRB on notice of the additional grounds for objection and obviated the need for the Debtors to have to resort to F.R.C.P. 15(b)(2). At the Reconsideration Hearing counsel for the WRB represented, and the Debtors did not contest, that the change orders on which the WRB was relying in support of Claim No. 12 were produced to the Debtors long before the Claim Objection Hearing. Therefore, the Debtors presumably reviewed those change orders prior to the hearing and should have asserted the objections in time to put the WRB on notice, rather than asserting them for the first time at the Claim Objection Hearing (assuming arguendo that there was sufficient supporting testimony and evidence). Under these circumstances, where the Debtors gave the WRB no prior notice that they would assert additional grounds for objection, the Court will not find that F.R.B.P. 7015 should apply to amend Claim Objection No. 12.

10.  Even if the Court viewed the application of F.R.B.P. 7015 to be appropriate as a general matter under the circumstances, the Court does not believe either of the newly-pressed grounds for objection were tried by the WRB's consent, whether expressly or impliedly, as

9

required by the Rule.  With respect to the Debtors' assertion that Mr. Chappell did not sign the change order for $3,980.00, the Court notes that this issue only arose *on the WRB's* questioning of Mr. Chappell on cross-examination, when he stated that the signature on Exhibit WRB-9, p.11, "[did not] look like [his] signature."  The Debtors' counsel, on re-direct examination, asked Mr. Chappell whether he knows his own signature, to which Mr. Chappell stated that he did.  The Debtors' counsel then asked him whether he ever signed a document with the $3,980.00 figure on it, to which Mr. Chappell stated that he did not (now considering the Debtors' dual arguments for reconsideration with respect to Claim No. 12, the Court is not even clear as to which newly-pressed grounds for objection this question would relate).  While the Debtors seem to assert that this limited testimony constitutes trial of the signature issue by consent, the Court disagrees.  First, the Court is perplexed how the Debtors can assert that they amended their basis for objection with an issue that they did not even raise during Mr. Chappell's own direct examination.  Second, the Court reiterates its observation in the Directed Verdict Order, which by no means served as the sole or even primary basis for its ruling, that Mr. Chappell's testimony was equivocal, and it was not made unequivocal by his re-direct examination.  Therefore, because both the issue was only raised on the WRB's examination of Mr. Chappell and because Mr. Chappell's testimony was very limited and lacked precision, the Court finds that the WRB was not even on notice at the Claim Objection Hearing that this was a new-grounds for the claim objection, and did not consent to trying it.

11.    With respect to the Debtors' objection based on the argument that the change order for $2,152.50 was signed in blank, Mr. Chappell did not even testify to this at the Claim Objection Hearing, the audio of which the Court has reviewed numerous times.  The Court gave the Debtors

10

the opportunity, twice extended, to submit a brief citing to any such testimony, which they have failed to do. Having not found nor been cited to any testimony on these grounds for objection at all, the Court finds it was not tried, let alone tried with the WRB's consent.

12. Moreover, even if the Court were to find that the Debtors' newly-pressed objections were tried by consent pursuant to F.R.C.P. 15(b)(2), the Court is not persuaded that the result would be any different. The Court has again reviewed the testimony and documents from the Claim Objection Hearing on which the Debtors rely and finds them insufficient to overcome the *prima facie* validity of the WRB's claim and shift the evidentiary burden back to the WRB. As it determined when issuing the Directed Verdict Order, the Court finds Mr. Chappell's testimony equivocal and imprecise with respect to the objections the Debtors are pressing. For this and all of the reasons discussed above, the Court will not vacate in part or grant the Debtors partial relief from the Directed Verdict Order with respect to Claim No. 12.

13. With respect to Claim No. 13, the Court rejects the Debtors' argument that they overcame the *prima facie* validity of the claim by positing the legal argument that the conveyance of two parcels of property by a single deed precludes the WRB from treating them separately for purposes of stormwater charges. In the Reconsideration Motion the Debtors argue that, in the Directed Verdict Order, the Court "made no legal ruling that the Water Revenue Bureau has legal right to charge for two separate bills when two separate street addresses are consolidated in a single deed to a property." Yet the Debtors, despite the Court accommodating their two requests for an extension to submit a Supplemental Brief addressing the issue, have failed to provide the Court with any legal authority whatsoever holding that the WRB cannot do so. The responsibility is on the Debtors, not the Court, to identify the legal basis underpinning their claim objections.

11

Just as the Debtors cannot shift the burden to the WRB without overcoming the *prima facie* validity of its claims, they cannot shift the burden of identifying the legal grounds for their objection to the Court. The Court therefore will not vacate in part or grant the Debtors partial relief from the Directed Verdict Order with respect to Claim No. 13 either.

Dated: September 23, 2021

*Magdeline D. Coleman*
_____
MAGDELINE D. COLEMAN
CHIEF U.S. BANKRUPTCY JUDGE

Roger V. Ashodian, Esquire
Regional Bankruptcy Center of SE PA
101 West Chester Pike, Suite 1A
Havertown, PA 19083

Megan N. Harper, Esquire
City of Philadelphia
Law/Revenue Department
Municipal Service Building
1401 John F. Kennedy Boulevard, Room 580
Philadelphia, PA 19102-1595

William C. Miller, Esquire
Chapter 13 Trustee
P.O. Box 1229
Philadelphia, PA 19105

United States Trustee
Custom House
200 Chestnut Street, Suite 502
Philadelphia, PA 19106-2912